## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANDREW BELL,

        Appellant,

        v.

DEPARTMENT OF
  TRANSPORTATION,

        Agency.

DOCKET NUMBERS
AT-0353-14-0525-I-1
AT-0752-14-0524-I-1
AT-3443-14-0184-B-1

DATE: March 23, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

Richard Taylor, Decatur, Georgia, for the appellant.

Ryan M. Landers, College Park, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1  The appellant has filed petitions for review of the initial decisions, which dismissed his removal and restoration appeals as settled. For the reasons discussed below, we GRANT the appellant's petitions for review, JOIN the removal and restoration appeals, VACATE the initial decisions, and REMAND

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the joined cases to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant filed an appeal of the agency's decision to remove him from his position of Airway Transportation Systems Specialist, effective March 1, 2014.  MSPB Docket No. AT-0353-14-0525-I-1, Initial Appeal File (0525 IAF), Tab 1.  The appellant also filed an appeal alleging that the agency failed to restore him to his position after a compensable injury.[2]  MSPB Docket No. AT-0752-14-0524-I-1 (0524 IAF), Tab 1.  On September 5, 2014, the administrative judge issued initial decisions dismissing the appeals because the parties entered into a settlement agreement.  0524 IAF, Tab 15, Initial Decision; 0525 IAF, Tab 13, Initial Decision (ID).  The agreement provided, inter alia, that the appellant agreed to withdraw his appeals in exchange for the agency agreeing to cancel his removal and reassign him to a Transportation Assistant Specialist position, FV-2102-E, with a stated salary of "$36,868 with locality pay."  MSPB Docket No. AT-0353-14-0525-I-1, Petition for Review (0525 PFR) File, Tab 3 at 9.

¶3    In dismissing the appeals, the administrative judge found that the parties understood the terms of the agreement, it was lawful on its face, and the parties entered into the agreement voluntarily.  ID at 1-2.  The administrative judge also stated that the settlement agreement removed the matters from the Board's

---

[2] The appellant also appealed the agency's proposal to remove him from service, which the administrative judge dismissed for lack of jurisdiction. *See* MSPB Docket No. AT-3443-14-0184-I-1, Initial Appeal File, Tabs 1, 6, Initial Decision.  The appellant filed a petition for review of that decision.  MSPB Docket No. AT-3443-14-0184-I-1, Petition for Review (0184 PFR) File, Tab 1.  On July 10, 2014, the Board affirmed the finding concerning the Board's lack of jurisdiction over the appellant's proposed removal and issued a Remand Order finding that it was appropriate to docket a restoration appeal.  0184 PFR File, Tab 3.  Because the appellant already had a pending restoration appeal involving the same issues, specifically MSPB Docket No. AT-0353-14-0525-I-1, the remanded appeal was joined with the pending restoration appeal for administrative efficiency.  0525 IAF, Tab 13 at 1, n.1.

jurisdiction. ID at 2. The administrative judge made no findings as to whether the parties intended to have the agreement entered into the record for enforcement purposes or whether the Board had jurisdiction over the underlying removal and restoration actions.

¶4     The appellant filed petitions for review of the initial decisions dismissing his appeals as settled, arguing that the settlement agreement should be invalidated because of a misunderstanding about his pay for the Transportation Assistant Specialist position. 0525 PFR File, Tab 1; MSPB Docket No. AT-0752-14-0524-I-1, Petition for Review (0524 PFR) File, Tab 1. Specifically, the appellant argues that he signed the agreement believing that the base pay for the position was $36,868, and that the total salary would be $43,980, after adding the 19.29% locality pay. 0525 PFR File, Tab 1 at 1. He further argues that the agency's attorney knew that he believed the base pay of $36,868 would be increased by the locality pay; the attorney continuously used the term "$36,868 with locality pay;" and he "used trickery and deceit" to get the appellant to sign the agreement. *Id.* at 2, 4. The appellant also argues that the agency has not complied with all of the terms of the settlement agreement. 0525 PFR File, Tab 1 at 4, Tab 4. In support of his petition for review, the appellant submits email correspondence from the parties' settlement negotiations, copies of earnings and leave statements, and various other documents. 0525 PFR File, Tab 1 at 6-17, Tab 4 at 6-31. The agency responded in opposition to the petitions for review, and the appellant replied.[3] 0525 PFR File, Tabs 3-4; 0524 PFR File, Tabs 3-4.

¶5     A settlement agreement is a contract between the parties and its terms are to be interpreted as a question of contract law. *Wofford v. Department of Justice*, 115 M.S.P.R. 468, ¶ 6 (2010). An appellant may challenge the validity of a settlement agreement, regardless of whether it has been entered into the record

---

[3] The Board will not consider the appellant's additional pleading, dated December 15, 2014, because he did not request leave to submit his additional pleading as required by the Board's regulations. 0525 PFR File, Tab 5; *see* 5 C.F.R. § 1201.114(a)(5), (k).

for enforcement, if he believes it was unlawful, involuntary, or the result of fraud or mutual mistake. *Id.*; *see Brown v. Department of the Interior*, 86 M.S.P.R. 546, ¶ 11 (2000). Even if invalidity was not apparent at the time of settlement, the agreement must be set aside if it is subsequently shown by new evidence that the agreement was tainted with invalidity by fraud or misrepresentation. *Wofford*, 115 M.S.P.R. 468, ¶ 6. However, the party challenging the validity of a settlement agreement bears a heavy burden of showing a basis for invalidation. *Id.*

¶6        "Fraud in the inducement" is defined as "occurring when a misrepresentation leads another to enter into a transaction with a false impression of the risks, duties, or obligations involved; an intentional misrepresentation of a material risk or duty reasonably relied on, thereby injuring the other party without vitiating the contract itself." *Id.*, ¶ 7 (quoting Black's Law Dictionary 671 (7th ed. 1999)). To establish that a settlement agreement resulted from fraud in the inducement, the appellant must show that the agency knowingly concealed a material fact or intentionally misled him. *Wofford*, 115 M.S.P.R. 468, ¶ 7. If the settlement is deemed invalid, the Board may set aside the agreement and adjudicate the merits of the appellant's underlying appeal. *Washington v. Department of the Navy*, 101 M.S.P.R. 258, ¶ 16 (2006).

¶7        Having considered the appellant's allegations on review, we find that the arguments raised by the appellant present no basis for setting aside the parties' settlement agreement. We find no evidence that the agency knowingly concealed facts or intentionally misled the appellant about the pay he would receive upon reassignment to the Transportation Assistant Specialist position. While the appellant states that he signed the agreement believing that he would receive an annual salary of $43,979.84, consisting of $36,868 and locality pay, he submits no evidence establishing that the agency misrepresented the agreement terms. His allegation that the agency's attorney continuously referred to the salary offered as "$36,868 with locality pay," which mirrors the terms stated in the parties'

settlement agreement, does not prove that the agency knowingly concealed a material fact or intentionally misled him. 0525 PFR File, Tab 1 at 2, Tab 3 at 9; *see Wofford*, [115 M.S.P.R. 468](), ¶ 7.

¶8        Although the appellant argues that the agency knew that he believed that the $36,868 salary did not include locality pay, the Board cannot consider the appellant's extrinsic evidence and argument regarding the parties' pre-settlement intentions because the settlement agreement is not ambiguous. 0525 PFR File, Tab 1 at 2, 4. The agreement clearly states that the salary for the position will be "$36,868 with locality pay." 0525 PFR File, Tab 3 at 9. A common meaning of the word "with" is "inclusive of." *See* "With" definition, *Merriam-Webster.com, available at* [http://www.merriamwebster.com/dictionary/with](http://www.merriamwebster.com/dictionary/with). It is well settled that, in construing the terms of a written settlement agreement, the words of the agreement itself are of paramount importance in determining the intent of the parties at the time of contracting. *See Pawlowski v. Department of Veterans Affairs*, [96 M.S.P.R. 353](), ¶ 16 (2004). The Board will only consider extrinsic evidence or argument if the written agreement is ambiguous, unlike in this case. *See id*.

¶9        To the extent that the appellant misunderstood the terms of the salary offered by the agency for the Transportation Assistant Specialist position, it appears that the mistake was one-sided. Unilateral mistakes are not a basis for finding a settlement agreement invalid. *See Pawlowski*, [96 M.S.P.R. 353](), ¶ 15. Thus, the Board will not set aside the settlement agreement based on the arguments raised by the appellant.

¶10        Although we find that the settlement agreement is not invalid because of mutual mistake or fraud, we find that it was error for the administrative judge to dismiss the appeals without first determining whether the parties wished to enter the agreement into the record for enforcement purposes; and, if so, whether the

subject matter of the appeals were within the Board's jurisdiction.[4] *See Adkins v. U.S. Postal Service*, 92 M.S.P.R. 88, ¶ 6 (2002); *see also Jimenez v. Department of Health & Human Services*, 70 M.S.P.R. 24, 26 (1996).  The inability of the Board either to find jurisdiction over a matter or to enforce a settlement agreement regarding it is not necessarily fatal to such an agreement because such legally-enforceable agreements covering such employment matters can be entered into outside of the Board's purview.  *See Heath v. U.S. Postal Service*, 107 M.S.P.R. 366, ¶¶ 7-8 (2007); *see also Shaw v. Department of the Navy*, 39 M.S.P.R. 586, 594 (1989), *overruled on other grounds by Joyce v. Department of the Air Force*, 74 M.S.P.R. 112 (1997), *overruled on other grounds by Sacco v. Department of Justice*, 90 M.S.P.R. 37 (2001).  This settlement agreement, however, contemplated that it would be enforceable by the Board.  *See* 0524 IAF, Tab 14; *see also* 0525 IAF, Tab 12, provision 6 (stating that the settlement resolves all matters between the parties "except as necessary to enforce this Agreement"), provision 8 (stating that the appellant would not bring any related claims against the agency or any of its officers or employees, "with the exception of any claims that may arise by reason of breach of any term of the Settlement Agreement"), and provision 14 (stating that if the parties failed to sign the settlement by a date certain, then it would become "null and void; and thereby unenforceable by either party").  However, the Board's jurisdiction has not yet been established.  The administrative judge must determine the unresolved matters of jurisdiction and possibly the merits.  Accordingly, we are vacating the initial decisions dismissing the appeals as settled and remanding the appeals to the regional office to determine these issues and issue new decisions.  *See Adkins*, 92 M.S.P.R. 88, ¶ 8; *see also Jimenez*, 70 M.S.P.R. at 26-27.  While the administrative judge did not formally join the appellant's removal and restoration appeals, we do so here under 5 C.F.R. § 1201.36.

---

[4] Although the initial decision stated that the settlement agreement removed the matters from the Board's jurisdiction, that statement was conclusory.  ID at 2.

¶11     If, after remand, the parties resolve the matter and enter the settlement agreement into the record, and the Board issues a final decision dismissing the appeal as settled, then the appellant may file a petition for enforcement with the regional office and adjudicate his allegations that the agency has not complied with the settlement agreement. *See Sharkey v. Department of Transportation*, 56 M.S.P.R. 156, 158 (1992) (allegations that a party has failed to comply with a settlement agreement are properly a matter for initial consideration by the administrative judge on petition for enforcement), *aff'd*, 11 F.3d 1070 (Fed. Cir. 1993) (Table); *see also* 5 C.F.R. § 1201.182(a).

**ORDER**

For the reasons discussed above, we REMAND the joined appeals to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:              _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.